UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUZELLE JACQUES, | No. 2:23-cv-00080-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| ELLIS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this action brought under 42 U.S.C. § 1983. (ECF Nos. 1 & 8) On March 10, 2023, the court dismissed plaintiff's original complaint with leave to amend. ECF No. 8. His first amended complaint (FAC) is now before the court for screening. ECF No. 11.

Screening Order

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

////

////

1

**A. Retaliation Claims**

The FAC names as defendants four correctional officers at Mule Creek State Prison, where plaintiff, a transgender inmate, was housed during the relevant period. Plaintiff alleges that, on November 13, 2021, defendants Ellis and Lomas violated plaintiff's First Amendment right to be free from retaliation by threatening her with reprisal if she filed an administrative appeal about their verbal harassment earlier that day. ECF No. 11 at 7, 20. The FAC states a potentially cognizable retaliation claim against Ellis and Lomas.

Plaintiff further alleges that, on an unspecified date, defendants Hurd and Steffensmeier retaliated against her in violation of the First Amendment by conducting a malicious bodily search that had no legitimate penological purpose. *Id.* at 20. Plaintiff alleges that the search occurred after a "Code 1" alarm sounded while plaintiff was in the shower, and when she did not drop to the ground, defendants verbally harassed and strip searched her. *Id.* at 14-16.

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009). However, protests that involve direct confrontation with prison officials enjoy limited constitutional protection due to the danger of a prison disturbance. *Richson-Bey v. Watrous*, 2023 WL 3956148, *8 (E.D. Cal. June 12, 2023) (citing *Nunez v. Ramirez*, 2010 WL 1222058, *5–6 (S.D. Cal. Mar. 24, 2010); *Johnson v. Carroll*, 2012 WL 2069561, *34 (E.D. Cal. Jun.7, 2012) (findings and recommendations finding that prisoner's verbal challenge to search was not protected by First Amendment; prisoner's recourse for challenging search was to file an administrative grievance), adopted in full by *Johnson v. Carroll*, 2012 WL 3756483 (E.D. Cal. Aug. 28, 2012)).

Plaintiff's FAC does not sufficiently allege a nexus between plaintiff's protected conduct and the search allegedly conducted by defendants Hurd and Steffensmeier. While a nexus can be

inferred by from statements and/or proximity in time that might suggest a retaliatory motive, the complaint lacks any such details.  Thus, it fails to state a First Amendment claim against these defendants.

### B. Strip Search Claims

Plaintiff asserts that defendants Hurd and Steffensmeier violated the Eighth Amendment ban on cruel and unusual punishment by conducting a malicious and unnecessary strip search while engaging in "sexually explicit comments" and other verbal harassment.  *Id.* at 22.

Prisoners and pretrial detainees in institutional settings may be subjected to strip searches and body cavity searches if they are conducted in a reasonable manner.  *See Bell v. Wolfish*, 441 U.S. 520, 561 (1979).  The Fourth Amendment prohibits unreasonable searches.  *Id.* at 558; *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011).  The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails.  *Bell*, 441 U.S. at 558-559.  Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.  *Id.* at 559.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (citation omitted).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted).  A deprivation of "peace of mind" does not support a constitutional claim. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).  Moreover, a mere threat to do an unconstitutional act does not create a constitutional wrong.  *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).  Finally, a prisoner may not bring a civil action for emotional or mental injury that he suffered while in custody without showing a physical injury.  42 U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002).

/////

The FAC alleges that, after the shower incident, Hurd told plaintiff to strip in front of Steffensmeier and other correctional officers. ECF No. 11 at 16. After plaintiff stripped, Hurd and Steffensmeier allegedly laughed and verbally taunted plaintiff. *Id.* at 17. *See Weaver v. Williams*, 2018 WL 446721, *3 (E.D. Cal. Jan. 17, 2017) ("[P]laintiff's . . . allegations of verbal harassment and threats . . . are insufficient to support a claim under § 1983") (collecting cases).

The FAC states a potentially cognizable Fourth Amendment claim against defendant Hurd.

## Summary of Screening Order

In summary, plaintiff may either proceed with the potentially cognizable claims identified above, including: (a) First Amendment retaliation claims against defendants Ellis and Lomas, and (b) a Fourth Amendment unreasonable search claim against defendant Hurd, or plaintiff may amend her complaint in an attempt to state additional claims for relief. Plaintiff may not, however, change the nature of this suit by alleging new, unrelated claims. Plaintiff is not obligated to amend her complaint.

## Leave to Amend

If plaintiff chooses to file an amended complaint, she should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 11) alleges, for screening purposes, the following potentially cognizable claims: a) First Amendment retaliation claims against defendants Ellis and Lomas, and (b) a Fourth Amendment unreasonable search claim against defendant Hurd.

2. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend her complaint.

3. Within thirty days plaintiff shall return the notice below advising the court whether she elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: August 18, 2023.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUZELLE JACQUES,<br><br>        Plaintiff,<br><br>    v.<br><br>ELLIS, et al.,<br><br>        Defendants. | No.  2:23-cv-00080-EFB (PC)<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____     proceed only with the specific claims identified in the Screening Order against defendants Ellis, Lomas, and Hurd,

OR

(2) _____     delay serving any defendant and file an amended complaint.

                                                                                               Plaintiff

Dated: